## JORGENSEN v. SQUIRES et al.

(Supreme Court, General Term, First Department.    December 16, 1892.)

1. NEGLIGENCE—VAULT UNDER SIDEWALK—NUISANCE—ISSUE.

In an action for personal injuries, the complaint stated that defendants unlawfully maintained a cellar opening "extending more than five feet beyond the street line of said premises into the public sidewalk," which was covered unsecurely by wooden trapdoors through defendants' negligence, and constituted a nuisance, and that, while plaintiff was lawfully on said doors, they fell with plaintiff into the cellar.   Defendants in the answer denied that they at any time unlawfully maintained an opening extending more than five feet beyond the street line, or that the same was covered insecurely with wooden trapdoors through their negligence, or that plaintiff was injured through their negligence.   *Held*, that the sole issue presented was whether the vault extended more than five feet beyond the street line, thereby constituting a nuisance.

2. SAME—EVIDENCE—INSTRUCTIONS.

Where in such case there is almost conclusive evidence that such vault did not extend more than five feet beyond the street line, and but slight evidence that it did, it is error not to submit such question to the jury, and charge them that there was no lawful authority for making the vault, and that defendants were liable if any person was injured by falling into it, without proof of negligence, or that it was improperly constructed or maintained.

3. SAME.

It is error in such case to refuse to charge that the steps, not extending beyond the stoop line more than five feet from the area of the building, were not a nuisance per se.

Exceptions from circuit court, New York county.

Action by Angel K. Jorgensen against Flavius S. Squires, Herbert W. Squires, and the ministers, elders, and deacons of the Reformed Protestant Low Dutch Church of Harlem, in the Ninth ward of the city of New York, to recover damages for personal injuries sustained by falling into a cellar or vault under the sidewalk in front of defendants' premises, in which there was a verdict for plaintiff.   A motion by defendants for a new trial, entered on the minutes, was denied, and exceptions reserved, and ordered to be heard in the first instance at the general term.   Exceptions sustained, and a new trial ordered.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

W. B. Tullis, for plaintiff.

Douglas A. Levien, Jr., for defendants ministers, elders, etc.

Robert A. Johnson, for defendant Squires.

VAN BRUNT, P. J.   The learned counsel for the defendants in his points states that this is an appeal from a judgment against the defendants in favor of the plaintiff, and from an order denying a motion for a new trial, and then states that under the direction of the trial justice the exceptions were ordered to be heard in the first instance at the general term.   We have searched the record in vain to find the judgment and notice of appeal, the nonexistence of which is probably explained by the fact that the order directing the exceptions to be heard in the first instance at the general term contains the usual provision that the judgment on the verdict in the mean time shall be suspended.   We assume that this case comes before the court upon a motion for a new trial, upon the exceptions ordered to be heard in the first instance at the general term, and we will consider the case upon that assumption.

This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff's falling through the wooden doors which covered the cellar steps at the basement of the premises on Third avenue, in the city of New York.   The complaint alleged that—

"Defendants then and there unlawfully maintained, as a part of, and connected with, said premises, a cellar or vault opening extending more than five feet beyond the street line of said premises into the public sidewalk of Third avenue, which cellar or vault was then covered unsecurely by wooden trapdoors through the defendants' negligence, and constituted a nuisance; and that in September, 1889, while plaintiff was lawfully upon said trapdoors, they fell, through defendants' negligence, thereby precipitating the plaintiff into the cellar, whereby she sustained injuries, to her damage, $5,000."

The defendants, answering, denied that they at any time unlawfully maintained, in connection with said building, a cellar vault or opening extending more than five feet beyond the street line, or that said vault was covered insecurely with wooden trapdoors through defendants' negligence, or that the plaintiff was injured through their negligence.   It is to be observed that the plaintiff, by the allegations in her complaint, has alleged the wrongful act to be the maintaining of this vault more than five feet beyond the street line; and that was the main issue presented.   The learned court seems to have overlooked this peculiarity of the complaint in his charge to the jury.   There was evidence showing almost conclusively that this opening did not extend more than five feet beyond the street line; and although there was some slight evidence upon the part of the plaintiff that it did extend further, the preponderance was overwhelming in favor of the defendants upon that question.   But the court did not submit any such question to the jury.   It charged the jury, as matter of law, that there was no lawful authority for the making of this cellar way in front of the premises; and that the defendants who maintained this opening were liable if any person was injured by falling into it, without proof of negligence upon the part of defendants; that is, without proof that it was improperly constructed,

or improperly or carelessly maintained. In other words, the court charged that the plaintiff was entitled to recover. Exception was taken to that portion of the charge which stated that the entrance was a nuisance per se, and to a refusal to charge, as requested, that the steps, not extending beyond the stoop line more than five feet from the area of the building, were not a nuisance per se. We think, under the pleadings, this was clearly error. Without at all discussing the question which, evidently, the learned court had in mind at the time of making this charge, under the pleadings the maintenance of this opening, if it did not extend more than five feet beyond the street line, was not a nuisance per se. The sole allegation of nuisance was that it did so extend; and that was the issue presented, and none other. Without discussing the other questions in respect to the proof as to damage, in view of the failure to amend the complaint in the manner for which leave was obtained, we think that the error above referred to requires a sustaining of the exceptions, and the ordering of a new trial, with costs to the defendants to abide the event. So ordered. All concur.